IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMONICA R. LEE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-CV-0839 |
| | : | |
| NORTHAMPTON COUNTY | : | |
| CHILDREN AND YOUTH | : | |
| SERVICES, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM

**GALLAGHER, J.**                                                                                 **MAY 7, 2026**

*Pro se* Plaintiff Demonica R. Lee commenced this civil action by submitting a Motion to

Proceed *In Forma Pauperis* and a document that the Clerk of Court construed as a Complaint.

(*See* ECF Nos. 1, 2.)  In a prior Order, the Court denied Lee's Motion for lack of sufficient

financial information, dismissed her Complaint for failure to comply with Federal Rules of Civil

Procedure 8 and 11, and provided her with leave to correct the deficiencies in both.  (*See* ECF

No. 5.)  Lee then submitted a document labeled "Amendments," (ECF No. 6), followed by an

Amended Complaint, (ECF No. 7), and a new Motion for Leave to Proceed *In Forma Pauperis*,

(ECF No. 8).  For the following reasons, the Court will grant Lee's Motion for Leave to Proceed

*In Forma Pauperis* and dismiss her Amended Complaint on statutory screening pursuant to 28

U.S.C. § 1915.

### I.    FACTUAL ALLEGATIONS[1]

Lee's allegations are not entirely clear, but it appears that the events she describes took

---

[1] The facts set forth in this Memorandum are taken from Lee's Amended Complaint (ECF
No. 7).  The Court adopts the pagination assigned to the Amended Complaint by the CM/ECF

place on June 12, 2017.  (*See* Am. Compl. at 4.)  She asserts that she "was discriminate[d against] by [a] fabricated accusation[,] baseless claim, false allegation, malicious complaint[,] wrongful accusation, unfounded charge[,] false and unfair charge influenced by racism, racial profiling, [and] institutional bias."  (*Id.*)  She states that she has "submitted more than enough paperwork facts stating [that] Courtney Deer[,] CYS/DHS worker, charge[d], . . . sabotage[d], victimize[d], accuse[d], [and] target[ed]" her.  (*Id.*)  Lee alleges unspecified "retaliation [for] testifying in court."  (*Id.*)  She also asserts "retaliatory conduct" because she "kept having F.R.T.['s] step-father Vincent Tyrone King Jr arrested [between] 2017-2018."  (*Id.*)

Lee alleges that "[a]ll of her grandparents' rights [were] violated" and a "loss of employment" that she held from 2014-2017.  (*Id.* at 5.)  She appears to assert claims for "civil rights violations under 42 U.S.C. § 1983," "due process violations," and "wrongful removal (grandparents' rights)."  (*Id.*)  For relief, she seeks to "reverse [the] adoption [of] F.R.T.," damages and restitution, including "loss of wages" from ten years of employment, as well as "jail time/punishment."  (*Id.*)

## II.    STANDARD OF REVIEW

Because it appears that Lee is incapable of paying the fees to commence this civil action, the Court will grant leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Lee's Amended Complaint if it fails to state a claim.  The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations

---

docketing system.  Grammar, spelling, and punctuation errors are cleaned up where necessary.

2

omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At the screening stage, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in the Plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim."  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *See Iqbal*, 556 U.S. at 678.

As Lee is proceeding *pro se*, the Court construes the allegations in the Amended Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.*  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Id.*

## III.   DISCUSSION

Lee's Amended Complaint asserts violations of her constitutional rights.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws."  *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing, *inter alia*, *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United

States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The only clearly stated fact in Lee's Amended Complaint is that the events she claims violated her constitutional rights took place on June 12, 2017.[2] The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* (citing, *inter alia*, 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Lee's claims is two years. She filed this case on February 11, 2026, nearly nine years after the events described in the Amended Complaint. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations

---

[2] As noted above, Lee submitted a separate document labeled "Amendments" prior to filing her Amended Complaint. (*See* ECF No. 6.) This submission includes: a letter addressed to "The Bureau of Hearing & Appeals," which is dated January 27, 2023, and appears to argue for permission to file an untimely appeal of an unspecified matter that occurred in June of 2017; several handwritten pages of allegations titled "Declaration Affidavit," concerning events "in court on 5/31/2017"; a dated but unsigned consent form to receive electronic notice of documents filed in this Court; and a letter from the Commonwealth Court of Pennsylvania to Lee dated February 18, 2026, returning an unspecified document to her (presumably the aforementioned handwritten pages) because it "appears . . . to be intended" for this Court. (*See generally id.*) The Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (explaining that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings"); *Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotation marks and citation omitted)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent . . . ."). Nonetheless, in an abundance of caution, the Court has considered this document in evaluating Lee's Amended Complaint and concluded that it does not raise any additional facts that would render Lee's claims timely.

defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Dotson v. Galapio*, No. 24-1204, 2024 WL 1736373, at *1 (3d Cir. Apr. 23, 2024) (*per curiam*) (affirming district court's dismissal of time-barred claims under 28 U.S.C. § 1915(e)(2)(B)(ii) where the expiration of the statute of limitations was apparent on the face of the complaint). Accordingly, because Lee's claims are facially untimely, her Amended Complaint will be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Lee's Motion to Proceed *In Forma Pauperis* and dismiss her Amended Complaint on statutory screening pursuant to 28 U.S.C. § 1915.[3] Because further amendment would be futile, the dismissal will be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). An order follows.

BY THE COURT:

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**

---

[3] Lee also filed a Motion for Extension of Time, (ECF No. 9), which will be denied as moot.